UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19-cv-114-FDW

| | |
|---|---|
| SAMMY LEE HENSLEY, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ERIK A. HOOKS, Secretary, ) | |
| N.C. Dept. of Public Safety, *et al*., ) | |
| ) | |
| Respondents. ) | |
| ) | |

THIS MATTER is before the Court on Respondents' Erik A. Hooks and the N.C. Department of Public Safety (collectively, "Respondents") Motion for Summary Judgment (Doc. No. 5), requesting this Court to grant summary judgment on Petitioner's application for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 and Rule 56 of the Federal Rules of Civil Procedure. The Court advised Petitioner with his right to respond and the burden of proof he carried in so doing in a Roseboro notice (Doc. No. 7) and Petitioner timely filed an Affidavit in Opposition to Respondents' Motion (Doc. No. 8). Accordingly, the Motion is ripe for review. For the reasons stated below, Respondents' Motion for Summary Judgment (Doc. No. 5) is GRANTED.

## I. BACKGROUND

Petitioner, Sammy Lee Hensley, is a prisoner of the State of North Carolina currently residing at the Lincoln Correctional Center in Lincolnton, North Carolina. On October 28, 2015, Petitioner was found guilty of possession of a firearm by a convicted felon. See Case No. 15 CRS 315-316. Upon his guilty plea to attaining habitual felon status, the trial court sentenced him to an active term of 100 to 132 months. Id. Petitioner timely appealed and, on June 20,

2017, the North Carolina Court of Appeals filed a published opinion finding no error. See State v. Hensley, 802 S.E.2d 744, (N.C. Ct. App. 2017). Petitioner again timely appealed. However, on December 7, 2017, the North Carolina Supreme Court denied Petitioner's notice of appeal and petition for discretionary review. State v. Hensley, 807 S.E.2d 571 (N.C. 2017).

Petitioner filed a *pro se* motion for appropriate relief on February 19, 2019. (Doc. No. 6; Ex. 8). On March 7, 2019, Petitioner's motion for appropriate relief was summarily denied (Doc. No. 6; Ex. 9), and Petitioner did not seek appellate review of the denial.

On April 5, 2019, Petitioner filed this Petition for Writ of Habeas Corpus. (Doc. No. 1). Respondents filed their Answer on June 4, 2019. (Doc. No. 4). On the same day, Respondents filed the instant Motion for Summary Judgment (Doc. No. 5) and supporting Memorandum (Doc. No. 6). This Court, in accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), further notified Petitioner of his right to respond to Respondents' Motion and the burden of proof he carried in so responding. (Doc. No. 7). Petitioner timely filed an Affidavit in Opposition to Respondents' Motion (Doc. No. 8) on July 8, 2019.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); See also United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Thus, to withstand a motion for summary judgment, the non-moving party must proffer competent evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a "genuine issue of material fact" exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Erwin v. United States, 591 F.3d 313, 327 (4th Cir. 2008). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48. Rather, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Thompson v. Carlisle, 2010 WL 382044, at *1 (4th Cir. Feb. 3, 2010). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d). It is well settled that § 2254 sets a particularly high bar a person in custody requesting habeas relief must overcome. See Metrish v. Lancaster, 569 U.S. 351 (2013); Harrington v. Richter, 562 U.S. 86, 103 (2011); Sigmon v. Stirling, No. 18-7, ---F.3d----, 2020 WL 1856396, at *6 (4th Cir. Apr. 14, 2020); Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011); Cummings v. Polk, 475 F.3d 230, 238 (4th Cir. 2007). The highly deferential standard under § 2254 "ensures 'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'" Sigmon, 2020 WL 1856396, at *6 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Accordingly, a court may grant habeas relief on claims adjudicated on their merits in State court *only if* the adjudication of the claim resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)

based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. See Id.; 28 U.S.C. § 2254(d).

### III. ANALYSIS

#### a. RULE 106

Petitioner first asserts the trial court abused its discretion when it granted Respondents' Rule 106 request to introduce all of Detective Robinson's notes from her interrogation with Petitioner on October 17, 2014. (Doc. No. 1, p. 5-7). Petitioner supports his assertion by explaining Detective Robinson's notes were "brought up several times during the first day of trial," prior to being introduced into evidence. (Doc. No. 1, p. 5). North Carolina Rule 106 provides the contemporaneity requirement of the "rule of completeness." See N.C. Gen. Stat. § 8C-1, Rule 106. Rule 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Id. The purpose of the "rule of completeness" codified in Rule 106 "is merely to ensure that a misleading impression created by taking matters out of context is corrected on the spot, because of the inadequacy of repair work when delayed to a point later in the trial." State v. Hensley, 802 S.E.2d 744, 748 (N.C. Ct. App. 2017) (quoting State v. Thompson, 420 S.E.2d 395, 403-04 (N.C. 1992)).

"A trial court's decision in determining whether an excluded portion ought to be admitted under Rule 106 will not be reversed on appeal in the absence of a showing of an abuse of discretion. Id. (quoting State v. Hall, 669 S.E.2d 30, 36 (2008) (citation omitted)). Abuse of discretion will only be found "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." Id. (quoting State v. Hennis, 372 S.E.2d

523, 527 (1988) (citation omitted)).

The North Carolina Court of Appeals, in its analysis of Petitioner's initial Appeal, meticulously discussed why the trial court made no error in its evidentiary rulings. See Hensley, 802 S.E.2d 744. As the appellate court explained, Petitioner's counsel made no specific Rule 106 objection at trial. Thus, pursuant to North Carolina law, Petitioner waived this argument. See id. at 749 (quoting State v. Holliman, 573 S.E.2d 682, 685 (N.C. Ct. App. 2002) (citations omitted) ("Our Supreme Court 'has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount' in the appellate courts").

Despite this waiver, the appellate court continued its review, holding, "even if defendant's Rule 106 argument were properly before us, it would still fail." Id. As the court explained:

> [Petitioner's] reliance on the contemporaneity requirement of Rule 106 is misplaced, particularly where, as here, [his] counsel opened the door to detective's notes during cross-examination… It was only after defense counsel 'opened the door' by taking a portion of defendant's statement out of context so as to be misleading that Detective Robinson's notes regarding criminal activity that might otherwise be inadmissible were allowed by the trial court to correct the misleading impression created by defendant. The trial court's actions were entirely consistent with the purposes of Rule 106.

Id. As Petitioner failed to preserve a Rule 106 argument for appellate review, his argument is barred from federal habeas review. See Wainwright v. Sykes, 433 U.S. 72 (1977).

Moreover, the admission or exclusion of evidence in a state criminal trial is non-cognizable on federal habeas review unless it violates a specific constitutional right or is so egregious as to render the entire trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994). Petitioner does not claim a violation of a specific constitutional right in his evidentiary argument and the admission of Detective Robinson's notes after Petitioner's counsel "opened the door" did not

render the entire trial fundamentally unfair.

For the reasons discussed, there is no genuine issue of material fact and Respondents are entitled to summary judgment as a matter of law. With respect to the habeas review requirements as set forth in § 2254, (1) Petitioner has failed to point to, and the Court finds no, clearly established Federal law, as determined by the Supreme Court, which contradicts with the trial court's Rule 106 ruling, and (2) the Court finds the trial court's decision was a reasonable determination of facts in light of the evidence presented in the State Court proceeding. As such, Petitioner fails to satisfy the requirements codified in § 2254.

b. **RULE 403**

Next, Petitioner claims the trial court violated Rule 403 by allowing Detective Robinson's notes to be introduced into evidence. (Doc. No. 1, p. 7). Petitioner supports his claim by explaining Detective Robinson's notes contained a description of prior bad acts committed by Petitioner and that the trial court failed to sustain Petitioner's objection under Rule 403 or instruct the jury regarding the notes. (Doc. No. 1, p. 7). North Carolina "Rule 403 provides that otherwise relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…'" Hensley, 802 S.E.2d at 751 (quoting N.C.G.S. § 8C01, Rule 403). "Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court." Id. (quoting State v. Penley, 347 S.E.2d 783, 789 (1986) (citation omitted)). As with trial court decisions based on Rule 106, a trial court's Rule 403 ruling is also reviewed for abuse of discretion. Id.

With respect to Petitioner's Rule 403 argument, the Court again turns to the thorough analysis of the North Carolina Court of Appeals. See Hensley, 802 S.E.2d 744. As with its analysis under Rule 106, the appellate court held the trial court did not err in admitting Detective

Robinson's notes into evidence after Petitioner "opened the door" under Rule 403. It is well settled in North Carolina that "[w]here… a party is responsible for 'opening the door' with respect to certain evidence, that party may not complain of unfair prejudice resulting from its admission." Id. at 751 (quoting Everhart v. O'Charley's Inc., 683 S.E.2d 728, 735 (N.C. Ct. App. 2009). In addition, the North Carolina court found "significant evidence exists… such that it is not likely a different result would have been obtained at trial had the evidence been excluded." Id.

Further, as stated above, the admission or exclusion of evidence in a state criminal trial is non-cognizable on federal habeas review unless it violates a specific constitutional right or is so egregious as to render the entire trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994). Petitioner does not claim a violation of a specific constitutional right in his evidentiary argument and the admission of Detective Robinson's notes after Petitioner's counsel "opened the door" did not render the entire trial fundamentally unfair.

For the reasons discussed, there is no genuine issue of material fact and Respondents are entitled to summary judgment as a matter of law. With respect to the habeas review requirements as set forth in § 2254, (1) Petitioner has failed to point to, and the Court finds no, clearly established Federal law, as determined by the Supreme Court, which contradicts with the trial court's Rule 403 ruling, and (2) the Court finds the trial court's decision was a reasonable determination of facts in light of the evidence presented in the State Court proceeding. As such, Petitioner fails to satisfy the requirements codified in § 2254.

    c. **MIRANDA WARNING**

Petitioner argues he only signed a Miranda warning with respect to case number 2014-04764, but the discovery includes two Miranda sheets. (Doc. No. 1, p. 8-9). In support of his

argument, Petitioner states Detective Robinson's testimony regarding the unrelated case number, that she could not recall what the other investigation was about, was false. (Doc. No. 8, p. 3-4). As a result, Petitioner claims he was not Mirandized with regards to the unrelated case number 2014-03520, in violation of his Fifth Amendment rights. (Doc. No. 8, p. 3-4).

Petitioner raised this issue in his Motion for Appropriate Relief ("MAR") on February 14, 2019. (Doc. No. 6-9). On March 7, 2019, Judge Ervin, Senior Resident Superior Court Judge of the Superior Court of Burke County denied Petitioner's MAR. In specifically denying Petitioner's argument regarding the Miranda sheets, Judge Ervin held, "[t]his discrepancy between the case numbers is not material since there is no likelihood that this discrepancy would have affected the judgment of the jury. This is truly much ado about nothing." (Doc. No. 6-10, p. 8).

Despite admitting the discrepancy "may not have affected the judgment of the jury[,] as Judge Ervin stated" Petitioner seems to rely on *his own opinion* that Detective Robinson's testimony was false to show the Miranda sheets were wrongfully altered, violating his Fifth Amendment rights. (Doc. No. 8, p.3). This argument does not change the fact that there is no likelihood that the discrepancy affected the judgment of the jury. Further, to the extent Petitioner relies on his claim Detective Robinson's testimony was false, for the reasons stated below, Petitioner has failed to show the testimony was false, material, *and* knowingly or intentionally used by the state to obtain his conviction. In addition, Petitioner failed to raise his concerns of alleged alteration of a document signed by Danny Ray Stanley in his Petition. Consequently, to the extent any error arose with regards to the discrepancy in the Miranda sheets, it was harmless.

For the reasons discussed, there is no genuine issue of material fact and Respondents are entitled to summary judgment as a matter of law. With respect to the habeas review requirements as set forth in § 2254, (1) Petitioner has failed to point to, and the Court finds no, clearly established

Federal law, as determined by the Supreme Court, which contradicts with the trial court's decision or Judge Ervin's Order, and (2) the Court finds the trial court's decision and Judge Ervin's Order were a reasonable determination of facts in light of the evidence presented in the State Court proceeding. As such, Petitioner fails to satisfy the requirements codified in § 2254.

### d. Conflicting Testimony

Petitioner's final assertion is that Detective Robinson and the Respondents' witness had conflicting testimony during trial. (Doc. No. 1, p. 11). Although Petitioner makes no mention of perjured testimony in his Petition, he raises the concern in his Affidavit. (Doc. No. 8, p. 4-5). Thus, as determined by Judge Ervin in his Order denying Petitioner's MAR, Petitioner's final claim is better characterized as a claim for a Due Process violation under Napue v. Illinois, 360 U.S. 264 (1959). Judge Ervin continued, "[a] Due Process violation occurs when a State witness offers false testimony which the prosecution knew or should have known was false. A violation occurs even where the State although not soliciting false evidence allows it to go uncorrected when it appears." (Doc. No. 6-10, p. 2 (citing State v. Sandy, 788 S.E.2d 200 (N.C. Ct. App. 2016))). "When a defendant shows that testimony was in fact false, material and knowingly intentionally used by the State to obtain his conviction, he is entitled to a new trial." (Doc. No. 6-10, p. 3 (citing State v. Rowsey, 472 S.E.2d 903))). "However, if the evidence is inconsistent or contradictory, rather than a knowing falsehood, such contradictions in the State's evidence are for the jury to consider and resolve." (Doc. No. 6-10, p. 3 (citing State v. Clark, 531 S.E.2d 482 (2000); State v. Joyce, 410 S.E.2d 516 (1991))).

Petitioner's final claim hinges on "conflicting testimony." As such, pursuant to established North Carolina law, he has failed to raise a cognizable claim. See Clark, 531 S.E.2d 482 (2000); Joyce, 410 S.E.2d 516 (1991). Consequently, there is no genuine issue of material fact and

Respondents are entitled to summary judgment as a matter of law. With respect to the habeas review requirements as set forth in § 2254, (1) Petitioner has failed to point to, and the Court finds no, clearly established Federal law, as determined by the Supreme Court, which contradicts with the trial court's decision or Judge Ervin's Order, and (2) the Court finds the trial court's decision and Judge Ervin's Order were a reasonable determination of facts in light of the evidence presented in the State Court proceeding. As such, Petitioner fails to satisfy the requirements codified in § 2254.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (Doc. No. 5) is GRANTED,

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED, and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

IT IS SO ORDERED.

Signed: April 28, 2020

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge